**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-681-L** |
| | § | |
| **ANGELA G. SUMLIN** a/k/a Angela G. | § | |
| Garrett agent of Angela G. Hooper, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed April 18, 2018.

After careful consideration of the motion, appendix, record, and applicable law, the court **grants**

the United States' Motion for Default Judgment.

## I.    Background

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint

("Complaint") on March 21, 2018, against Angela G. Sumlin ("Defendant" or "Sumlin").  This

action arises from the failure of Sumlin to make the required payments on a loan she obtained on

February 4, 2008.

The loan was disbursed for $34,998.71 on February 28, 2008, and $2,048.63 on March 21,

2008, at 7.50% interest per annum, and the loan was made by the Department of Education under

the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education

Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685).  After demand of payment

by the United States, Sumlin defaulted on the loan on February 1, 2009.

Sumlin was served with a copy of the summons and Complaint on March 23, 2018. She was required to answer or otherwise respond to the Complaint by April 13, 2018, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Sumlin has not answered or otherwise responded to the Complaint.

On April 17, 2018, the United States requested the clerk of court to enter a default against Sumlin, and the clerk entered a default against Sumlin on April 18, 2018. Plaintiff now requests the court to enter a default judgment against Sumlin and award it damages and applicable interest as a result of her default.

**II.    Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Sumlin. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Sumlin, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Sumlin is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Sumlin owed the United States as of January 25, 2018, was $62,767.57 ($37,047.34 in principal and $25,720.23 in interest). Interest accrues on the principal at the rate of $7.61 per day. The number of days from January 25, 2018, to April 18, 2018, is 84, which results in additional interest in the amount of $631.36. Therefore, the total amount of judgment to which the United States is entitled is **$63,398.93.**

## III.     Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$63,398.93.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 19th day of April, 2018.

Sam A. Lindsay
United States District Judge